CAUSE NO. CV-13-1872

| | | |
|---|---|---|
| PERRY DUNN<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | OF GRAYSON COUNTY, TEXAS |
| THE KROGER COMPANY<br>Defendant. | §<br>§<br>§ | 397 JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Perry Dunn, by and through his attorney, and complains of

Defendant, THE KROGER COMPANY ("Kroger"), and for a cause of action would respectfully

show the Court the following:

## DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Level 3 pursuant to Tex. R. Civ. P. 190.3.

## PARTIES

2. Plaintiff Perry Dunn is an individual residing in Calera, Bryan County, Oklahoma.

3. Defendant The Kroger Company ("Kroger") is a corporation duly organized and existing

   under the law of the State of Ohio, having a principal place of business at 1014 Vine

   Street, Cincinnati, OH 45202. Their registered agent for service is Corporation Service

   Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E 7th Street, Suite

   620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the lawsuit because the amount in

   controversy exceeds this Court's minimum jurisdictional requirements.

5. This Court has personal-jurisdiction over defendant Kroger because defendant committed a tort, which is the subject of this suit, in whole or in part in Texas.

6. Venue is appropriate in this Court because all or a substantial part of the events or omissions giving rise to this claim occurred in Grayson County. TEX. CIV. PRAC. REM. CODE § 15.002(a)(1).

## FACTS

7. Plaintiff is employed by Defendant as a Manager over the Grocery department at the Kroger store located at 815 W. Crawford Street in Denison, Texas.

8. On or about April 28, 2013, Plaintiff was working at Kroger, and proceeded to the dock ramp in the back of the store to unload a grocery truck.

9. The dock ramp's dock plate mechanism, which had to be shifted to properly unload the grocery truck, was malfunctioning and in a state of disrepair; and upon Plaintiff's attempt, he discovered that it would not move in its usual way with the usual amount of force required to shift the mechanism.

10. Using the phone on the dock ramp, Plaintiff called his direct supervisor, Associate Manager Christopher Robinson, and asked for assistance stating that he tried to move the dock plate mechanism and it would not shift.

11. Associate Manager Christopher Robinson told Plaintiff that the store was understaffed and there was no one else to help, that Mr. Robinson was needed at the front of the store, and that Plaintiff should attempt to shift the dock plate by himself.

12. Plaintiff requested that the grocery truck driver assist him, but the grocery truck driver also refused to help shift the dock ramp's dock plate.

13. Plaintiff pushed on the malfunctioning dock plate with greater than the usual required amount of force, felt a "pop" in his lower back, and felt immediate pain in his lower back, upper-left leg, and left buttock.

14. Plaintiff immediately reported the accident to Mr. Robinson.

15. Mr. Robinson stated that he did not want to report the accident.

16. Plaintiff then reported the accident to Assistant Manager Randall Hughes.

17. Mr. Hughes and Plaintiff caused an accident report to be filed, and Plaintiff sought medical attention for his injuries.

## FIRST COUNT - NEGLIGENCE

18. Paragraphs 1 – 17, above, are incorporated by reference here as if fully set forth.

19. Kroger owes a duty to Plaintiff to furnish a reasonably safe place in which to labor, and the duty to furnish reasonably safe instrumentalities with which to work.

20. Kroger breached that duty by failing to provide a properly functional dock ramp for the loading and unloading of wholesale groceries.

21. It was a separate breach of duty to fail to provide the necessary assistance of another employee or employees when the dock ramp was in a state of disrepair.

22. Upon information and belief, Kroger further breached their duty by failing to adopt the proper safety procedures and policies when the malfunctioning mechanism on the dock ramp created an unusual and increased risk of injury.

23. Kroger's breaches of the duties owed to Plaintiff directly and proximately caused Plaintiff's injuries. But for Kroger's failure to provide a properly functional dock ramp and dock plate, Plaintiff would not have been injured. Similarly, Plaintiff would not have

been injured but for Kroger's failure to provide the necessary assistance and safety policies when the ramp was malfunctioning.

24. Plaintiff's injuries were reasonably foreseeable because a person of ordinary intelligence should anticipate the danger to employees caused by malfunctioning workplace equipment. Put differently, it is reasonable to contemplate that a grocery store employee would be injured by a broken dock ramp.

25. Plaintiff sustained injuries.

## SECOND COUNT – PREMESIS LIABILIY

26. Paragraphs 1 – 25, above, are incorporated by reference here as if fully set forth.

27. The employer's standard of care for an employee is the same as the standard of care for invitees generally, namely that the employer/landowner must exercise reasonable care to protect its employees from risks of which the owner is actually aware and those risks of which the owner should be aware after reasonable inspection.

28. Upon information and belief, multiple managers and supervisors at Kroger had actual knowledge of the malfunctioning dock ramp and dock plate including Associate Manager Christopher Robinson, Assistant Manager Randall Hughes, and Store Manager Mark Salifa.

29. Upon information and belief, the dangerous condition which existed with the ramp and plate existed long enough to give the owner/operator of the Kroger store a reasonable opportunity to discover the dangerous condition. Specifically, the dock ramp and plate was old, rusty, bent in places, and had been in disrepair for at least three months, if not longer.

30. The dangerous condition, a malfunctioning dock ramp used to unload wholesale groceries, posed an unreasonable risk of harm.

31. The owner/operator of the Kroger store did not exercise reasonable care to reduce or eliminate the risk caused by the malfunctioning ramp.

32. The owner/operator's failure to use such care proximately and directly caused Plaintiff's injuries.

33. The Plaintiff sustained injuries.

## REQUEST FOR A JURY TRIAL

Plaintiff requests a trial by jury and has paid the jury fee in conjunction with the filing of this lawsuit.

## CONCLUSION AND PRAYER FOR RELIEF

As a direct and proximate cause of the actions and omissions of the Defendant as described above, Plaintiff Perry Dunn has suffered damages. These damages include out of pocket medical expenses already incurred, future medical expenses, loss of earning capacity, as well as damages to compensate Plaintiff for pain, suffering, and mental anguish. Therefore Plaintiff prays that Defendant be cited to appear herein, and that upon a trial by jury, the Defendant be held liable for the causes of action pled and a judgment be entered against them awarding Plaintiff:

(a) Medical Damages;

(b) Damages for Future Medical Expenses;

(c) Non-economic Damages Including Past and Future Mental Anguish and Pain and Suffering;

(d) Damages for Loss of Earning Capacity;

Plaintiff's Original Petition

(e) Pre- and post-judgment interest;

(f) Costs of Court, and

(g) Any other remedy that this Honorable Court deems just and proper.

Respectfully Submitted,

HOPPENSTEIN LAW FIRM

Norman J. Hoppenstein
State Bar No. 00986400
7920 Belt Line Rd. Ste 370
Dallas, TX 75254
T: (972) 931-4000
F: (972) 692-7322

**ATTORNEY FOR PLAINTIFF**